STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ANGELO DIME, PLAINTIFF IN ERROR.

Argued May 4, 1926—Decided November 11, 1926—Filed January 5, 1927.

Crimes—Writs of Error—Trial Judge Died Without Having Sealed the Exceptions or Certified the Entire Record to the Supreme Court—Judgment Should Not be Set Aside Because of the Impossibility of Obtaining Court's Signature to Exceptions or Certification of Record—Neither Should Defendant be Deprived of Having His Cause Reviewed Because of the Death of the Judge—Held, That the Record May be Sent to This Court Under the Writ of Error With the Certification by the Stenographer.

On defendant's rule to show cause.

Before Justices KALISCH and KATZENBACH.

For the plaintiff in error, *Richard Doherty*.

For the defendant in error, *John Milton*.

PER CURIAM.

This case is before us on a rule to show cause allowed by a justice of this court why a judgment of conviction entered in the Hudson County Court of Quarter Sessions against the prosecutor of the rule should not be set aside. The circumstances presented by the record are unusual.

The prosecutor of the rule is Angelo Dime. He was indicted by the Hudson county grand jury at the September

term, 1924, for feloniously, unlawfully, willfully, and maliciously taking, stealing and carrying away the sum of $27 belonging to one George McCarty.   Dime was tried in the Court of Quarter Sessions upon this indictment.   On October 15th, 1924, he was convicted.   On October 16th, 1924, he was sentenced by the trial judge, Honorable Hyman Lazarus, to the state prison at hard labor for a maximum period of seven years and a minimum period of four years.   On the day he was sentenced Dime sued out from this court a writ of error.   On October 24th, 1924, his counsel made a request in writing to the trial judge that the entire record of the proceedings had upon the trial of said indictment be certified and returned with the said writ of error.   The writ of error was returnable on November 5th, 1924.   On November 14th, 1924, Judge Lazarus died without having sealed the exceptions or certifying the entire record to this court.   There appears to have been nothing done in the case until June 19th, 1925, when the rule to show cause mentioned was allowed.

We find no precedent which warrants the setting aside of a judgment of conviction in the Quarter Sessions under a rule to show cause allowed by a member of this court.   We are of the opinion that no new trial should be allowed to the defendant merely because it is impossible to obtain the signature of the trial judge to the exceptions taken and to the certification of the entire record.   The state ought not be obliged, through the death of the judge, to retry the case.   It may be that through the delay incident to the present situation the state has lost evidence which it could not again obtain.   On the other hand, we are of the opinion that Dime should not be deprived of having his cause reviewed through the death of the trial judge.   While the statutes require the certification by the judge, we have reached the conclusion that under the maxim of the law which holds that where there is a right there is a remedy, the course we should take in this case is to have the record sent to this court under the writ of error which has been taken out with a certification by the stenographer that it is the entire record.   This is, in effect, waiving the signing of the exceptions and the certification by the trial

judge that the record is the entire record of the proceedings had before him.

This leads to the discharge of the present rule to show cause, which is accordingly discharged. If counsel for Dime will present to this court such an order as is suggested in this opinion it will be signed by the court and can then be embodied in the record which will be presented to this court under the writ of error taken by Dime.